**RICKENBAKER**

v.

**UNITED STATES.**

No. 6782.

United States Court of Appeals Fourth Circuit.

Argued June 2, 1954.

Decided June 9, 1954.

J. A. Hutto, Columbia, S. C. (John B. Baltzegar, Jr., Orangeburg, S. C., on brief) for appellant.

Fred G. Folsom, Sp. Asst. to Atty. Gen. (H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, David L. Luce, Joseph M. Howard and David R. Urdan, Sp. Assts. to Atty. Gen., N. Welch Morrisette, Jr., U. S. Atty., and Irvine F. Belser, Jr., Asst. U. S. Atty., Columbia, S. C., on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from a conviction and sentence under an indictment charging income tax evasion for the years 1949 and 1950 in violation of 26 U.S.C. § 145 (b). The contentions presented on appeal are that there was error in refusing to continue the trial of the case and in permitting the appellant to be asked on cross examination whether he thought a man who had been convicted of major crimes was worthy of belief, whether he had been convicted of receiving stolen property, violation of the liquor laws and assault and whether he had incurred legal expense in recent years.

The question of continuance was a matter resting in the sound discretion of the trial judge. That matter is not argued in the brief of appellant and nothing is called to our attention indicating that the discretion was abused. While we do not approve parts of the cross examination of which complaint is made, we do not find anything therein which would justify the setting aside of the verdict and the granting of a new trial. It was, of course, competent to show by the cross examination of appellant that he had been convicted of receiving stolen property, as this was a matter going clearly to the question of his credibility. No objection was made to the question as to appellant's convic-

tion of assault. A more serious question arises as to the competence of the question relating to his conviction for violation of the liquor law for which he received a minor sentence; but we need not go into this, as we think that it could not have affected the result in view of appellant's admission that he had been convicted of receiving stolen property and of the testimony offered as to his bad character. The other matters complained of, such as asking his opinion as to whether a man who had been convicted of crimes was worthy of belief and asking him as to whether he had recently incurred legal expenses are too insignificant for consideration. While a prosecuting officer should not engage in this sort of cross examination, an appellate court would not be justified in awarding a new trial on account thereof.

Affirmed.